IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ROBERT FREDERICK GILBERT, | CIV. NO. 17-00575 JMS-KSC |
|---|---|
| Plaintiff, | ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; THE COMMISSIONER ALAN KONISHI; TIMOTHY MAYOPOULOS; DAVID C. BENSON; OCWEN FINANCIAL CORP.; OCWEN FINANCIAL SERVICING; RONALD M. FARIS, CEO; MICHAEL R. BOURQE, CEO; STEVEN T. IWAMURA; ROBERT M. EHRHORN; KEN OHARA; M. KENYON WONG; ALAN S. KONISHI, | |
| Defendants. | |

**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**I. INTRODUCTION**

On November 30, 2017, pro se Plaintiff Robert Frederick Gilbert ("Plaintiff") filed a Complaint asserting claims pursuant to 42 U.S.C. § 1983, and an Application to proceed in forma pauperis ("IFP"). ECF Nos. 1, 2. Plaintiff alleges that Defendants Federal National Mortgage Association ("Fannie Mae"); "The Commissioner Alan Konishi"; Timothy Mayopoulos; David C. Benson;

Ocwen Financial Corporation ("Ocwen"); Ronald M. Faris; Michael R. Bourqe; Steven T. Iwamura; Robert M. Ehrhorn; Ken Ohara; and M. Kenyon Wong (collectively, "Defendants")[1] violated his constitutional rights in connection with the servicing and impending foreclosure of a mortgage.

The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2). Based on the following, the IFP Application is GRANTED, and the Complaint is DISMISSED with leave to amend.

## II. **DISCUSSION**

### A. **IFP Application**

Plaintiff's IFP Application shows that he is a pauper within the meaning of the statute, and it is GRANTED. The court will not order the Complaint served at this time.

### B. **The Complaint**

#### *1. Background*

As alleged in the Complaint, Plaintiff obtained a mortgage loan from IndyMac Bank in 2005. Compl. at 9. On February 6, 2010, "the Bank forced the take over of the payment of MY taxes." *Id.* On January 29, 2013, the "attorneys

---

[1] Nowhere in the body of the Complaint does Plaintiff refer by name to the individuals named in the caption. The Complaint does, however, refer to "attorneys," and the court is aware that some individual Defendants are in fact attorneys admitted to the Hawaii bar with Hawaii work addresses.

2

brought forward an action of Foreclosure" in the State of Hawaii district court. *Id.* Plaintiff sought to modify his loan, but the "attorneys and the Bank were only prolonging the foreclosure process and not negotiating a true loan modification." *Id.* Meanwhile, "IndyMac Bank contracted the sell (sic) of my . . . loan," without Plaintiff's knowledge or signature, therefore making the new loan contract "not valid." *Id*. at 9-10.

The Complaint also conclusorily alleges that the "Kingdom of Hawaii . . . continues to be recognized as a subject of international law[.]" *Id.* at 4-6. It further alleges that "under the doctrine of Ultra Vires, the attorneys are . . . acting as third-party debt collectors." *Id.* at 4. Finally, the Complaint alleges that "[t]he attorneys . . . created the assumption that they have the authority to foreclose when, their bonds and certificates to practice law in a foreign country are not lawful nor legal and have not been endorsed with the signatures of the United States to do so." *Id.* at 10.

The Complaint asserts § 1983 claims for violation of Plaintiff's right to due process under the Fourteenth Amendment and of federal law proscribing the failure to prevent the commission of wrongs against Plaintiff's constitutional rights, and possibly state-law claims based on the alleged invalid transfer of Plaintiff's loan to a new loan servicer and wrongful foreclosure. *Id.* at 4, 6-8. Plaintiff alleges that Defendants' actions have not caused "physical injuries . . .

3

[but] the mental and physical tole (sic) of these past years has been very hard on me . . . and my family." *Id.* Plaintiff seeks relief in the form of an order enjoining Defendants from further "litigation or judicial actions . . . against myself . . . and my house and property." *Id.*

## 2. *Standards of Review*

The court may dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in every case."); Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Plaintiff bears the burden of establishing subject-matter jurisdiction. *Kokkonen*, 511 U.S. at 377. At the pleading stage, Plaintiff must allege sufficient facts to show a proper basis for the court to assert subject-matter jurisdiction over the action. *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

///

///

///

In addition, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a)[2] to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

Screening under § 1915(e)(2) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific

---

[2] Section 1915(a) governs IFP proceedings.

task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### 3. *Application of Legal Standards to Complaint*

Even construing the Complaint liberally, it is largely a confusing, sometimes unintelligible document that fails to (1) allege subject-matter

jurisdiction, or (2) comply with the pleading requirements set forth in the Federal Rules of Civil Procedure.

### a. *Subject-matter jurisdiction*

In general, Plaintiff may establish the court's subject-matter jurisdiction in one of two ways. First, Plaintiff may assert that Defendants violated the Constitution, a federal law, or a treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Alternatively, Plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

#### i. Federal-question jurisdiction

In order to establish federal-question jurisdiction, Plaintiff must do more than merely assert that his claims arise under federal law — he must also allege facts that are sufficient to state a plausible claim under that federal law. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178 , 189 (1936) (explaining that a plaintiff "must allege in his pleading the facts essential to show jurisdiction. . . . [J]urisdiction may [not] be maintained by mere averment"). Although Plaintiff asserts that this court has federal-question jurisdiction pursuant

to 42 U.S.C. § 1983, the Complaint contains no factual allegations to support this assertion.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982) (recognizing that a § 1983 claim requires allegation that violation was committed by a person acting "under color of any statute, ordinance, regulation, custom, or usage" of a state). This requirement "excludes from [§ 1983's] reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citation omitted).

Here, no Defendant appears to be a state actor. *See, e.g.*, *Smalls v. Riviera Towers Corp.*, 2017 WL 4180115, at *4 n.4 (D.N.J. Sept. 21, 2017) ("[Fannie Mae] . . . is not considered to be a state actor for purposes of Section 1983 or constitutional claims."); *Jung v. Bank of Am., N.A.*, 2016 WL 5929273, at *6 (M.D. Pa. Aug. 2, 2016) ("[A]ttorney not a state actor merely based on role as an officer of the court[.]" (citing *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999)); *Turner v. Ocwen Loan Servicing, LLC*, 2014 WL

12513892, at *4 (N.D. Ga. Apr. 10, 2014) ("Ocwen is a private party" for purposes of § 1983 claim based on non-judicial foreclosure).

A private party may, under limited circumstances, act under the color of state law when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). The Ninth Circuit recognizes "at least four different criteria, or tests, used to identify state action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999)). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id*. But under any of the four tests, "the central question remains whether the alleged infringement of federal rights [is] fairly attributable to the government." *Id.* at 1096 (internal quotations omitted).

Even liberally construed, Plaintiff's Complaint fails to allege *any* facts from which the court might infer that one of the four tests for identifying state action is met, or that Defendant is otherwise a state actor; therefore, it does not state a plausible § 1983 claim for violation of a federal constitutional right.

///

///

///

Accordingly, the Complaint fails to establish federal-question subject matter jurisdiction pursuant to § 1983.[3]

        ii.     Diversity jurisdiction

In order to establish diversity jurisdiction under § 1332, there must be complete diversity of citizenship between the opposing parties — in other words, Plaintiff must be a citizen of a different state than all of the defendants. *See, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[Section] 1332 . . . requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); *Morris v. Princess Cruises, Inc.*, 236 F.3d

---

[3] The Complaint also asserts jurisdiction pursuant to 28 U.S.C. § 1343(a)(3), which provides:

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, *under color of any State law* . . . of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . . .

(emphasis added). The Complaint's failure to allege facts showing that Defendants are state actors also precludes jurisdiction under § 1343. That is, because the Complaint fails to assert a plausible § 1983 claim, jurisdiction under § 1343 cannot be maintained. *Russell v. Redstone Fed. Credit Union*, 2017 WL 4390375, at *1 (11th Cir. Oct. 3, 2017) (explaining that if "§ 1983 does not encompass the claims asserted, then . . . § 1343 jurisdiction [is] defeated") (citing *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 648 n. 6 (1979) (White, J., concurring)).

10

1061, 1067 (9th Cir. 2001) (explaining that § 1332(a) "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than *each* of the defendants") (emphasis added). And when determining diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Here, the Complaint itself does not contain *any* factual allegations concerning the citizenship of any party. The Complaint lists a Hawaii address for Plaintiff, but it lacks any information whatsoever about the individual Defendants. The Civil Cover Sheet attached to the Complaint appears to claim that Plaintiff is a resident of Hawaii as well as a citizen of another state, foreign country, and foreign nation. *See* ECF No. 1-1. And the court is aware that some individual Defendants are attorneys licensed to practice in Hawaii, and have Hawaii work addresses.

To the extent Plaintiff attempts to assert that he is not a citizen of Hawaii based on the theory that the Kingdom of Hawaii is a sovereign nation that is not under the jurisdiction of the State of Hawaii or the United States, such an assertion is without merit. To state the obvious, Hawaii is a state of the United States. The Ninth Circuit, this court, and Hawaii state courts have rejected similar arguments. *See United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (holding that the Hawaii district court has jurisdiction over Hawaii residents

claiming they are citizens of the Sovereign Kingdom of Hawaii); *United States v. Lindsey*, 2013 WL 7121226, at *1 (D. Haw. Aug. 8, 2013) (same); *Hawaii v. Kaulia*, 128 Haw. 479, 487, 291 P.3d 377, 385 (2013) (finding that regardless of its origins, the State of Hawaii is a lawful government and that "[i]ndividuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws"); *Hawaii v. French*, 77 Haw. 222, 228, 883 P.2d 644, 649 (Haw. App. 1994) ("[P]resently there is no factual (or legal) basis for concluding that the [Hawaiian] Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature.") (quotations omitted).

Because Plaintiff failed to allege the citizenship of each Defendant, he failed to establish diversity jurisdiction. And because both Plaintiff and at least one Defendant most likely are Hawaii citizens, it appears that there is no diversity jurisdiction. Having failed to establish diversity jurisdiction or federal-question jurisdiction, the Complaint is DISMISSED for lack of subject-matter jurisdiction.

    b.    *Failure to state a claim*

And even construed liberally, the Complaint fails to comply with Federal Rule of Civil Procedure 8. The pleading neither asserts "simple, concise, and direct allegations" against any specific Defendant, *see* Fed. R. Civ. P. 8, nor states any federal claim that is remotely plausible. *See Iqbal*, 556 U.S. at 678 (explaining that to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "a

complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face" (internal citation and quotation marks omitted)).

The Complaint comprises several pages of rambling discourse on the "doctrine of Ultra Vires" under which "attorneys . . . acting as third-party debt collectors," and who are not authorized "to practice law in a foreign country," violated Plaintiff's due process rights in connection with a state-law mortgage foreclosure proceeding. Compl. at 4-10. In short, the Complaint lacks any sort of cognizable legal or factual basis. Accordingly, the Complaint is DISMISSED for failure to state a plausible claim.

### 4. *Leave to Amend*

It is unlikely that Plaintiff will be able to allege that Defendants acted under color of state law. Nonetheless, Plaintiff is granted leave to amend his Complaint to attempt to cure the deficiencies identified above, if possible. If Plaintiff intends to assert a claim against one or more Defendants, he must name each person and entity as a separate defendant.

If Plaintiff chooses to file an amended complaint, he must write short, plain statements telling the court: (1) the constitutional or statutory right Plaintiff believes was violated; (2) the specific basis of this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the

violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint and must be complete in itself without reference to the prior pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled).

The amended complaint must state that it is the "First Amended Complaint," and it may not incorporate any part of the original Complaint, but rather, any specific allegations must be retyped or rewritten in their entirety. Plaintiff may include only one claim per count. Any cause of action that is not raised in the First Amended Complaint is waived. *See id.* ("[C]laims that have been dismissed with leave to amend and are not repled in the amended complaint

will be considered waived."). Failure to file an amended complaint by January 29, 2018 will result in automatic dismissal of this action.

### 5. *Supplemental Jurisdiction over State Law Tort Claims*

A federal court can have subject-matter jurisdiction under diversity of citizenship (28 U.S.C. § 1332) or through a "federal question" (28 U.S.C. § 1331). *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). If it has federal jurisdiction, the court may exercise supplemental jurisdiction over state-law claims. But under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" Because the Complaint failed to allege any basis for diversity jurisdiction, and the dismissed constitutional civil rights claim provides the only other basis for federal jurisdiction, to the extent Plaintiff asserts state-law claims, the court does not address them.

If Plaintiff does not file an amended complaint, the court will decline jurisdiction over state-law claims pursuant to § 1367(c) and dismiss them without prejudice. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) ("[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))). "[I]n the usual case

in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc*., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

If Plaintiff chooses to file an amended complaint that states a cognizable federal claim against a Defendant, however, the court will retain jurisdiction over related state-law claims included in the amended complaint and address them at that time.

### III. **CONCLUSION**

Based on the foregoing, the court GRANTS the IFP Application and DISMISSES the Complaint with leave to amend. Plaintiff must file an amended complaint, if he chooses to do so, addressing the deficiencies identified above, no

///

///

///

///

///

///

///

///

later than January 29, 2018.  Failure to file an amended complaint by January 29, 2018 will result in automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 20, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Gilbert v. Fed. Nat'l Mortg. Ass'n, et al.*, Civ. No. 17-00575 JMS-KSC, Order (1) Granting Application to Proceed Without Prepaying Fees and Costs, and (2) Dismissing Complaint With Leave to Amend